UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RETH KHORN,<br><br>                Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                Defendant. | CASE NO. C14-0513-RSM-MAT<br><br>REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Reth Khorn proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied plaintiff's applications for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1958.[1]  She has no formal education and is unable to communicate in English.  (AR 43-44.)

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

Plaintiff filed an application for SSI on April 11, 2011, alleging disability beginning October 1, 2006. (AR 23, 153-61.) Plaintiff later amended her onset date to April 11, 2011. (AR 23.) Her application was denied at the initial level and on reconsideration. (AR 98-101, 107-09.)

On September 18, 2012, ALJ M.J. Adams held a hearing in Seattle, Washington, taking testimony from plaintiff and a vocational expert. (AR 39-56.) An interpreter was also present at the hearing. (AR 39.) On November 19, 2012, the ALJ issued a decision finding plaintiff not disabled. (AR 20-38.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on January 30, 2014 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since April 11, 2011, the application date. (AR 25.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's major depressive disorder, posttraumatic stress disorder (PTSD), and partial loss of vision in the left eye due to corneal opacity to be severe impairments at step two. (AR 25-26.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR

REPORT AND RECOMMENDATION
PAGE - 2

26-28.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform a full range of work at all exertional levels with some nonexertional limitations. Plaintiff can perform tasks that require occasional near and/or far visual acuity and can perform simple, routine tasks and follow short, simple instructions. Plaintiff can do work that needs little or no judgment and can perform simple duties that can be learned on the job in a short period. Plaintiff has average ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis within customary tolerances of employers' rules regarding sick leave and absence. Plaintiff can respond appropriately to supervision, coworkers and work situations and deal with occasional work setting changes. Plaintiff should not deal with the general public as in a sales position or where the general public is frequently encountered as an essential element of the work process. Incidental contact with the general public is not precluded. Plaintiff should not be required to read detailed or complex instructions or write reports, nor should she be required to do detailed or complex math calculations. (AR 28.) The ALJ found plaintiff did not have any past relevant work. (AR 33.)

The ALJ proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as cleaner, bus person, and kitchen helper/dishwasher. (AR 33-34.)

This Court's review of the ALJ's decision is limited to whether the decision is in

REPORT AND RECOMMENDATION
PAGE - 3

accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by: (1) failing to apply the medical-vocational GRID rules non-mechanically; (2) failing to find plaintiff's back condition and vertigo/dizziness to be severe impairments; (3) rendering an RFC assessment not supported by substantial evidence; (4) discrediting the opinion of plaintiff's mental health counselor; and (5) making an adverse credibility determination. She asks that the ALJ's decision be reversed and her claim remanded for an award of benefits or, in the alternative, for further proceedings. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

## Credibility

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). *See also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and

REPORT AND RECOMMENDATION
PAGE - 4

testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ in this case found that while plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible. Contrary to plaintiff's contention, the ALJ provided a number of clear and convincing reasons in support of this conclusion.

A.   <u>Activities of Daily Living</u>

The ALJ first discredited plaintiff's credibility finding her subjective statements inconsistent with her daily activities. (AR 31.) To determine whether a claimant's symptom testimony is credible, the ALJ may consider his or her daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The Ninth Circuit has recognized "two grounds for using daily activities to form the basis of an adverse credibility determination," first, they can "meet the threshold for transferable work skills," second, they can "contradict his other testimony." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ cited to specific activities plaintiff performed that were inconsistent with her symptom testimony. The ALJ first noted that plaintiff was independent with all of her activities of daily living including performing lawn work. (AR 31.) The ALJ also noted plaintiff's ability to independently raise six daughters, one of which is disabled. *Id.* The ALJ reasonably found these activities showed plaintiff was more capable than she alleged, thus providing a clear and convincing reason to discredit plaintiff's credibility.

/ / /

REPORT AND RECOMMENDATION
PAGE - 5

B.  <u>Failure to Pursue Treatment</u>

The ALJ also discredited plaintiff's testimony because of plaintiff's failure to follow-up on recommended treatment. (AR 31.) The ALJ noted plaintiff was referred to physical therapy on multiple occasions, yet failed to follow through on these recommendations. (AR 31.) Plaintiff reported she was too busy caring for her children and elderly parent to attend physical therapy. *Id.* The ALJ also noted plaintiff failed to follow through with referrals to an ophthalmologist and orthopedic physician. *Id.*

An ALJ appropriately considers an unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Also, an ALJ should not draw inferences from failure to seek or pursue treatment without first considering explanations for that failure, including an inability to afford treatment. SSR 96-7p. While plaintiff's opening brief argues there are other potential reasons plaintiff could have had trouble following through with treatment recommendations, the only reason actually presented to the ALJ by plaintiff was that she was busy caring for her elderly parent. (AR 31.) The ALJ considered this reason and found it unpersuasive given that plaintiff continued to ignore the treatment recommendations even when her mother had been in the hospital for two months. *Id.* Thus, the ALJ properly considered plaintiff's failure to comply with treatment as a reason to discredit her testimony.

C.  <u>Motivation</u>

The ALJ further discredited plaintiff's testimony because he found that her complaints to medical providers appeared based on a motivation to acquire benefits, rather than a genuine attempt to obtain relief from her symptoms. (AR 31-32.) [T]he ALJ may consider motivation and the issue of secondary gain in rejecting symptom testimony. *See Tidwell v. Apfel*, 161 F.3d

REPORT AND RECOMMENDATION
PAGE - 6

599, 602 (9th Cir. 1998); *Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992).

The ALJ cited to a chart note regarding plaintiff's complaints of chest pain in while plaintiff's primary care physician noted, "I am wondering if [patient] said chest pain in order to have it noted on her DSHS [paperwork]."(AR 32, 314.) The ALJ also noted that the provider made similar statements questioning the purpose of plaintiff's statements throughout the chart note. (AR 32, 313.) The ALJ reasonably found these statements to cast doubt on plaintiff's motivations for reporting her symptoms, thus detracting from the overall credibility of her testimony.

D.   Poor Work History

The ALJ's final reason for discrediting plaintiff's testimony is plaintiff's poor work history. (AR 32.) The ALJ noted that plaintiff has not worked for many years, and plaintiff testified that she last worked in 1986. (AR 32, 44.) While plaintiff argues there may be other reasons for her poor work history, including her limited English proficiency and mental health impairments, he provides no evidence that these factors actually prevented plaintiff from working since 1986. Thus, the ALJ properly considered plaintiff's poor work history in assessing plaintiff's credibility. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ properly found claimant's extremely poor work history and lack of propensity to work in her lifetime negatively affected her credibility regarding her inability to work).

## Medical-Vocational GRID Rules

Under the Commissioner's regulations, if a claimant is at least 55 years old, has no more than a limited education, and no past relevant work, the claimant will be found to be unable to make an adjustment to other work. 20 C.F.R. 416.962(b). The regulations further state,

REPORT AND RECOMMENDATION
PAGE - 7

> If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. 416.963(b).  Plaintiff argues the ALJ erred by failing to apply the older age category in plaintiff's case because she was less than three months from her 55th birthday at the time the ALJ rendered his decision.  Dkt. 17 at 3-5.  This Court disagrees.

The ALJ "is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching the older age category. *Lockwood v. Commissioner of Social Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (emphasis in original).  Rather, the ALJ merely has to "*consider* whether to use the older age category," which was properly done here. *See id.* at 1071-72 (emphasis in original).[2]

Similar to *Lockwood*, the ALJ here noted plaintiff's date of birth and age at the time the application was filed, thus indicating his awareness that plaintiff was in a borderline age category.  (AR 33.) 616 F.3d at 1071.  The ALJ also cited to 20 C.F.C. 416.963, thus indicating he was aware he had discretion to apply an older age category if the factors warranted.  *Id.* Finally, like in *Lockwood,* the ALJ relied on vocational expert testimony in finding plaintiff

---

[2] In *Lockwood*, the Ninth Circuit found the ALJ in that case properly considered whether to use the applicable older age category by doing the following:

> The ALJ mentioned in her decision [the claimant's] date of birth and found that [the claimant] was 54 years old and, thus, a person closely approaching advanced age on the date of the ALJ's decision.  Clearly the ALJ was aware that [the claimant] was just shy of her 55th birthday, at which point she would become a person of advanced age.  The ALJ also cited to 20 C.F.R. § 404.1563, which prohibited her from applying the age categories mechanically in a borderline situation.  Thus, the ALJ's decision shows that the ALJ knew she had discretion "to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case." 20 C.F.R. § 404.1563(b).  Finally, we are satisfied the ALJ did not "apply the age categories mechanically" because the ALJ "evaluat [ed] the overall impact of all the factors of [the claimant's] case" when the ALJ relied on the testimony of a vocational expert before she found Lockwood was not disabled.

*Id.* (internal footnotes omitted).

REPORT AND RECOMMENDATION
PAGE - 8

capable of performing work that exists in significant numbers in the national economy. *Id.* Further, plaintiff fails to explain what additional vocational adversities would justify placing plaintiff in a higher age category. The ALJ properly considered whether to apply the older age category in this case and thus did not commit reversible error.

Plaintiff also argues this Court should direct a finding of disability as of February 2, 2013, plaintiff's 55th birthday. Dkt. 17 at 5. However, the Social Security Act allows for judicial review only of the agency's "final decision," which is this case is the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R § 416.1481 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised."). The ALJ adjudicated the time period from April 11, 2011 through November 19, 2012. (AR 34.) February 2, 2013 is after the adjudicated time period, thus a final decision has not been rendered by the agency regarding this period. As such, this Court does not have jurisdiction to make a finding of disability as of February 2, 2013.

<u>Step Two</u>

At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 416.920(a)(4)(iii), (c); *see also* Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b); SSR 85- 28, 1985 WL 56856 *3. Plaintiff has the burden of proving that his "impairments or their symptoms affect [his] ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

1998).  The step two inquiry described above, however, is a *de minimis* screening device used to dispose of groundless claims. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

Plaintiff argues the ALJ erred by failing to find plaintiff's back pain and dizziness to be severe impairments at step two.  Dkt. 17 at 5-7.  However, "the existence of a medically determinable physical or mental impairment must be established by medical evidence." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (quoting SSR 96-4p, 1996 WL 374187 *1).  Further, "[a] 'symptom' is not a 'medically determinable physical or mental impairment' and no symptom by itself can establish the existence of such an impairment."  SSR 96-4p, 1996 WL 374187 *1.  Plaintiff points to no diagnosis or objective evidence of a back impairment.  Plaintiff merely cites to plaintiff's subjective complaints of back pain.  As discussed previously, the ALJ properly discredited plaintiff's subjective complaints.  Further, the ALJ specifically noted that he found plaintiff's complaints of back pain incredible because she declined physical therapy despite being recommended by her medical provider.  (AR 26.) *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (Failure to assert a good reason for not seeking, or following a prescribed course of, treatment, or a finding that a proffered reason is not believable, "can cast doubt on the sincerity of the claimant's pain testimony.")

Similarly, plaintiff failed to provide evidence to support a finding that plaintiff's dizziness was a severe impairment at step two.  The ALJ discussed plaintiff's complaints of dizziness throughout the record and found dizziness was not a severe impairment because the record showed no objective medical evidence that the impairment lasted the requisite twelve month time period or that it affected plaintiff vocationally.  (AR 26.)  Plaintiff asserts no evidence to the contrary.  Thus, the plaintiff fails to show that the ALJ erred in failing to find plaintiff's back impairment or dizziness to be severe impairments at step two.

Furthermore, plaintiff has the burden of establishing the asserted error was not harmless. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his "substantial rights," which is to say, not merely his procedural rights.") (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). Plaintiff points to no evidence, other than plaintiff's own statements, indicating that her dizziness and back pain resulted in vocational limitation. As such, the alleged errors would be harmless.

Lay Witness Statement

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). *But see Molina*, 674 F.3d at 1115-22 (describing how the failure to address lay testimony may be harmless). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996) (finding rejection of testimony of family members because, *inter alia*, they were "'understandably advocates, and biased'" amounted to "wholesale dismissal of the testimony of all the witnesses as a group and therefore [did] not qualify as a reason germane to each individual who testified.") (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)). Plaintiff's mental health counselor, Mala Lim, was appropriately considered a "lay witness."

The ALJ considered two documents authored by plaintiff's mental health case manager, Mala Lim. (AR 304, 335-37). On May 9, 2011, Ms. Lim stated that plaintiff lost interest in daily activities and had difficulty with verbal communication, understanding, memory, concentration, and following instructions. (AR 304.) She also noted that plaintiff's headaches, chest, neck, shoulder, and low back pain, as well as vision problems made it difficult for her to stand for long

REPORT AND RECOMMENDATION
PAGE - 11

periods of time. *Id.* The ALJ gave this opinion limited weight. (AR 32.) Despite plaintiff's contention to the contrary, the ALJ provided germane reasons to discredit this opinion.

The ALJ found the opinions based on plaintiff's discounted subjective complaints. According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001).

Ms. Lim provided no personal observations nor did she refer to any testing or objective measures to support her opinion. The ALJ may draw inferences "logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Because there was no other evidence provided to support the opinion, the ALJ reasonably inferred that Ms. Lim's opinion was based primarily on plaintiff's subjective statements. As discussed previously, the ALJ properly discredited plaintiff's testimony; thus, the ALJ provided a germane reason to discredit the opinion.

The ALJ also found it inconsistent for Ms. Lim to state that plaintiff's had difficulty standing because of her shoulder pain and vision problems. (AR 32.) This inconsistency was

REPORT AND RECOMMENDATION
PAGE - 12

another germane reason to discredit the opinion. As such, the ALJ properly discredited the May 2011 opinion from Ms. Lim.

Ms. Lim completed a Medical Impairment Questionnaire on August 29, 2012. (AR 335-37.) She listed PTSD as a diagnosis and measured her GAF score at 45. (AR 335.) She opined plaintiff would be markedly or severely limited in most functional areas including the areas of maintaining attention and concentration for two hour periods and completing a normal workday or workweek without interruption from psychologically based symptoms. (AR 336.) Ms. Lim also opined that plaintiff had lost at least fifteen IQ points as a result of her impairments. (AR 335.) The ALJ gave this opinion limited weight. (AR 32.) Again, the ALJ provided a germane reason to discredit this opinion.

The ALJ discredited this opinion finding it unsupported by medical evidence. (AR 32.) An ALJ need not accept the opinion of even a treating physician if that opinion is inadequately supported "by the record as a whole." *See Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ specifically noted that while Ms. Lim opined that plaintiff had lost at least fifteen IQ points, there was no evidence in the record showing that IQ testing was ever performed. (AR 32.) Further, in discussing the record, the ALJ noted that in April 2011 plaintiff's symptoms were stable and she was found to be alert and oriented and showed no unusual anxiety or evidence of depression. (AR 30, 311.) The ALJ also noted that plaintiff was able to function independently, perform gardening and housework, and ride the bus. (AR 30.) In July 2011, plaintiff was found to be alert with normal speech, an even and calm mood and affect, and appropriate hygiene and behavior. (AR 30, 307.) The ALJ further noted that in January, February, and March 2012, plaintiff was found to be alert and oriented with no unusual anxiety or evidence of depression. (AR 31, 327, 330, 333.) Finding

REPORT AND RECOMMENDATION
PAGE - 13

Ms. Lim's opinion unsupported by the record as a whole was a germane reason to discredit the opinion. As such, the ALJ did not err in his evaluation of the lay witness evidence.

RFC Assessment

Plaintiff argues the ALJ's RFC assessment is not supported by substantial evidence. Dkt. 17 at 7-10. This argument is based largely on the premise that the ALJ erred in determining plaintiff's severe impairments at step two and in evaluating the opinion of plaintiff's mental health case manager Mala Lim. As discussed above, the ALJ did not err in this regard. Thus, plaintiff's asserted RFC error also fails. Further, plaintiff's remaining argument amounts to a request for the Court to reweigh the evidence in the record. It is not the job of the court to reweigh the evidence. If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d. 595, 599, 601 (9th Cir. 1999)). The ALJ did not commit error in determining plaintiff's RFC.

**CONCLUSION**

For the reasons set forth above, the Court recommends this matter should be AFFIRMED.

**DEADLINE FOR OBJECTIONS**

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14)** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

REPORT AND RECOMMENDATION
PAGE - 14

**fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 20, 2015**.

DATED this 5th day of February, 2015.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 15